FILED
IN OPEN COURT

NOV - 4 2016

CLERK, U.S. DIST... COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 1:16 CR 224
)
Dan Horsky, )
)
Defendant. )

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Mark D. Lytle, Assistant United States Attorney; Caroline D. Ciraolo, Acting Assistant Attorney General; Tax Division, U.S. Department of Justice, Mark F. Daly, and Nanette L. Davis, Senior Litigation Counsel; the defendant, Dan Horsky; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with a dual-object conspiracy: (1) to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department; and (2) to file a false 2013 IRS Form 8854 (Initial and Annual Expatriation Statement); all in violation of Title 18, United States Code, Section 371.

1

The maximum penalties for this offense are: a maximum term of imprisonment of five years of imprisonment, a fine of the greatest of $250,000, or twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States, full restitution, a special assessment, and three years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorneys have rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.    **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

    a.    The base offense level for this offense will be calculated based on a tax loss of not less than $10,000,000 pursuant to U.S.S.G. §§ 2T1.9(a)(1),

2T1.1 and 2T4.1. The parties are free to argue at sentencing the exact amount of tax loss above $10,000.000;

    b.    The base offense level is increased by 2 levels because the offense involved sophisticated means; and

    c.    The parties agree that they are free to argue other provisions of the U.S.S.G. not referenced herein or the sentencing factors under Title 18, United States Code, Section 3553(a).

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

5.    **Waiver of Appeal, FOIA, Privacy Act Rights and Venue**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. The defendant also knowingly waives all rights to the venue requirement for Count One of the Information due to the fact that venue for the crimes committed lies in the Northern District of New York and elsewhere, and the defendant further agrees to be prosecuted for this charge in the Eastern District of Virginia.

6. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00).

7. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8. **Restitution**

Defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses pursuant to 18 U.S.C. § 3663(a)(3).

Victims of the conduct, as defined by 18 U.S.C. § 3663(a)(2) and described in the charging instrument or statement of facts or any other document describing the defendant's conduct, shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the Government is currently aware that the following victims have suffered the following losses:

| Victim Name/Address | Amount of Restitution |
|---|---|
| IRS – RACS<br>Attn.: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | TBD |

The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C.

§ 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

9. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts. Additionally, the United States has agreed to enter into a Non-Prosecution Agreement with Individual A.

10. **Waiver of Protections of Proffer Agreement**

The Defendant agrees that all protections contained in the proffer agreement dated June 8, 2015 are hereby waived. Defendant further agrees that the government may use all statements provided by him, without limitation, in any proceeding brought by the government, including the Internal Revenue Service, against the defendant.

11. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to appear for and testify truthfully and completely at any grand juries, trials or other proceedings.

    b. The defendant agrees to be reasonably available for debriefings, meetings, and pre-trial conferences as the United States may require.

c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation. Nothing in this Agreement requires the defendant to waive any valid assertion of the attorney client privilege as to counsel advising him in connection with this investigation or any related proceeding.

d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e. The defendant agrees to execute any and all instructions and authorizations to direct individuals, entities, or financial institutions to provide account documents and information as well as to repatriate funds held by foreign financial institutions in order to accomplish the terms and conditions of this Plea Agreement.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

12. **Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

13. **Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

14. **Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

15. **Payment of Taxes and Filing of Tax Returns**

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file true and correct Amended U.S. Individual Income Tax Returns, Forms 1040X, for the years 2008 through 2014 and to pay all taxes, interest and penalties for the years 2008 through 2014, prior to sentencing, as will agreed upon between the defendant and the IRS, or as otherwise imposed or assessed by the IRS. The defendant admits that he willfully evaded the assessment of income tax for the tax years 2008 through 2014, and agrees not to object to the assessment of fraud penalties pursuant to Title 26, United States Code, Section 6663. The defendant further agrees to make all books, records and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest and penalties for the years 2008 through 2014.

16. **Penalty Related to Filing False and Fraudulent Reports of Foreign Bank and Financial Accounts**

The defendant further agrees that in order to assist in resolving his civil liability for willfully failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1,

up and through tax year 2011 and for willfully filing false and fraudulent Reports of Foreign Bank and Financial Accounts, Form TD F 90-22.1 and FinCEN Report 114, for tax years 2012 and 2013, he will pay a penalty in the amount of $100,000,000 (One Hundred Million Dollars) no later than ten (10) days after the entry of Judgment in this case. Defendant further agrees to cause the transfer of the funds by electronic funds transfer pursuant to written instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Virginia. Defendant further agrees to cooperate with and make best efforts to transfer and remit the funds, including taking all steps requested by any financial institution or the United States, including the execution of all documents, orders, and/or instructions directing persons or entities acting on behalf of the defendant or in the name of nominee holders of accounts on behalf of the defendant, providing any information requested to facilitate the transfer, and granting access to information to facilitate the transfer. Dan Horsky understands and agrees that nothing in paragraphs 15 and 16 of, or otherwise in, this Agreement shall preclude or limit the Internal Revenue Service in its civil determination, assessment, or collection of any taxes, interest and/or penalties that Dan Horsky may owe.

Dan Horsky agrees to file with the Financial Crimes Enforcement Network of the Department of the Treasury true and correct Reports of Foreign Bank and Financial Accounts, FinCEN Form 114, for 2000 through 2011. Dan Horsky agrees to file with the Financial Crimes Enforcement Network of the Department of the Treasury true and correct Amended Reports of Foreign Bank and Financial Accounts, FinCEN Form 114, for 2012 and 2013.

### 17. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying

this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 18. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney
Eastern District of Virginia

By: /s/ *Mark D. Lytle*
Mark D. Lytle
Assistant United States Attorney

Date: 6/29/2015

Caroline D. Ciraolo
Acting Assistant Attorney General
Tax Division

By: /s/ *Mark Daly w/ permission by MDL*
Mark F. Daly
  Senior Litigation Counsel
Nanette L. Davis
  Senior Litigation Counsel

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: June 29, 2015

Dan Horsky
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: June 29, 2015

Mark E. Matthews
Scott D. Michel
Counsel for the Defendant

15